IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MICHAEL E. DANNELLY, #25954-048 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:18cv279 |
| | § | CRIMINAL NO. 4:09CR00067-001 |
| UNITED STATES OF AMERICA | § | |

**ORDER OF DISMISSAL**

The above-entitled and numbered civil action was referred to United States Magistrate Judge Kimberly C. Priest Johnson, who issued a Report and Recommendation concluding that the Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Dkt. #1) pursuant to 28 U.S.C. § 2255 should be dismissed. Movant has filed objections.

Movant previously filed a § 2255 motion, which was denied with prejudice. *Dannelly v. United States*, No. 4:11cv97 (E.D. Tex. March 26, 2014). The Fifth Circuit dismissed his appeal. *United States v. Dannelly*, No. 14-40367 (5th Cir. Aug. 21, 2014). The present motion was filed on April 19, 2018. Movant must obtain permission from the Fifth Circuit to file a second or successive § 2255 motion. 28 U.S.C. § 2244. The present motion should be dismissed for lack of jurisdiction because he did not have permission from the Fifth Circuit to file it. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). *See also United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013) (same).

In his objections, Movant argues that he should be permitted to proceed with the case because there has been a change in case law; nonetheless, the present motion is a second or successive § 2255 motion, and he must have permission from the Fifth Circuit to file it. *United States v. Frank*, 738 F. App'x 330 (5th Cir. 2018) (district court did not have jurisdiction to consider a successive § 2255 motion based on changes in the law because movant had not obtained authorization to file a second or successive § 2255 motion). He also argues that the present motion should not be considered

1

successive since his previous § 2255 motion was dismissed for procedural reasons. His previous motion was dismissed with prejudice. The present motion is a second or successive § 2255 motion, and Movant must receive permission from the Fifth Circuit to file it. The Court notes that since the present motion was filed, the Fifth Circuit denied him permission to file a second or successive motion based on the same grounds presented in this case. *In re: Dannelly*, No. 18-40385 (5th Cir. May 31, 2018). Movant's effort to proceed with his claims in this Court are contrary to the ruling by the Fifth Circuit.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Movant to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections of Movant are without merit. Therefore, the court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court.

It is accordingly **ORDERED** that the Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Dkt. #1) pursuant to 28 U.S.C. § 2255 is **DISMISSED** without prejudice. Movant may filed a second or successive § 2255 motion only if he first receives permission from the Fifth Circuit to file it. A certificate of appealability is **DENIED**. All motions not previously ruled on are hereby **DENIED**.

**SIGNED** this 21st day of November, 2018.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE